IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                          Case No. 5:07cr48/RS
                                                                        5:09cv389/RS/EMT

TIMOTHY LAMONDS

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 154).  The Government has filed an "Amended Opposition to Motion to Vacate" (doc. 163), and Defendant has filed a traverse (doc. 167).  The case is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

## BACKGROUND

On September 11, 2007, Defendant Timothy Lamonds and Michael Allen Darden were charged with conspiracy to manufacture, distribute and possess with intent to distribute cocaine and more than fifty (50) grams of cocaine base, possession of cocaine and more than fifty (50) grams of cocaine base on a date certain, and possession of a firearm in furtherance of drug trafficking crimes (doc. 13). On November 8, 2007, a superseding indictment charged Defendant Lamonds and Bruce Theodore Smith, Jr. with conspiring together and with Michael Allen Darden to manufacture, distribute, and possess with intent to distribute cocaine and more than fifty (50) grams of cocaine base (Count One), possession of cocaine and more than fifty (50) grams of cocaine base on a date

certain (Count Four), and possession of a firearm in furtherance of a drug trafficking crime (Count Five) (doc. 40).[1]

Represented by appointed counsel Jonathan Wesley Dingus, Defendant was convicted as charged after a two-day jury trial (doc. 60, 61). With respect to Count One, the jury found Defendant guilty of conspiring to distribute or possess with intent to distribute an unspecified amount of cocaine and 50 grams or more of cocaine base (*id.* at 2). The jury found Defendant guilty of distributing or possessing with intent to distribute cocaine base as charged in Count Four, but that the offense conduct involved less than 5 grams of cocaine base (*id.* at 3). No special finding was required as to Count Five.

In preparing the presentence investigation report ("PSR"), the probation officer held Defendant accountable for 52.6 grams of cocaine base and 62 grams of cocaine powder (PSR ¶ 16). The marijuana equivalency was 748.8 kilograms (PSR ¶¶ 17 & 18), yielding a base offense level of 30 (PSR ¶ 25). Defendant was entitled to a two-level adjustment due to his role as a minor participant (PSR ¶ 28), but because he was considered a career offender (*see* PSR ¶ 33), his total offense level was 37 and his criminal history category was VI (PSR ¶¶ 35, 50). The applicable advisory guidelines range was 360 months to life on Counts One and Four, and taking into account the 60-month consecutive sentence for Count Five, the guidelines range became 420 months to life (PSR ¶ 72).

Defendant and the Government each filed sentencing memoranda (docs. 69, 70). Defendant argued that his active role in the offense conduct was limited to a single sale of less than 5 grams of cocaine base, and therefore that the harsh career offender sentence was unwarranted. He noted that the co-defendant had been sentenced to a term of only 90-months imprisonment, despite greater involvement, and he maintained that under the circumstances a sentence which did not designate him as a career offender was "sufficient but not greater than necessary to comply with" the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2)" (doc. 69 at 2). The Government opposed sentencing leniency, noting that Defendant should not be rewarded merely because law enforcement had

---

[1]Smith was also charged in Counts Two and Three with another count of possession with intent to distribute cocaine and more than five (5) grams of crack cocaine on a date certain and possession of a firearm in furtherance of a drug trafficking crime (doc. 40).

interrupted this criminal episode near its inception (doc. 70 at 4–5).  After hearing the arguments of counsel, the court sentenced Defendant well below the guidelines to concurrent terms of 240 months imprisonment on Counts One and Four, and a consecutive 60 month term of imprisonment on Count Five (docs. 84, 105).

Defendant appealed, arguing that the district court had abused its discretion in denying his motion for mistrial after the Government commented on his post-arrest silence and that his total sentence was unreasonable (doc. 136 at 3).  The Eleventh Circuit affirmed, finding that the challenged comments were not prohibited comments on Defendant's right to remain silent, and even if they were, there was no prejudice and thus no abuse of discretion in denying the motion for mistrial (doc. 136 at 5).  The appellate court also found Defendant had failed to show that his below-guidelines sentence was unreasonable (*id.* at 8).

In the instant motion, Defendant raises multiple claims of ineffective assistance of counsel, with respect to both trial and appellate counsel.  He refers in his motion to a "memorandum soon to follow" (doc. 154 at 3), but no memorandum has been filed.  The Government opposes the motion in its entirety and has attempted to respond to Defendant's undeveloped allegations.

## LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; Thomas v. Crosby, 371 F.3d 782, 811 (11th Cir. 2004); United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981); Hidalgo v. United States, 138 Fed. Appx. 290 (11th Cir. 2005).  Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16, 83 S. Ct. 1068, 1077, 10 L. Ed. 2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998); Mills v. United States, 36 F.3d at 1055 (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 118 S. Ct. at 1611 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  See Nyhuis, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  Massaro v. United States, 538 U.S. 500, 503, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714

(2003); *see also* United States v. Patterson, 595 F.3d, 1324, 1328 (11th Cir. 2010).  The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Id.,* 466 U.S. 668, 686, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d (1984); Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000); Gaskin v. Secretary, Dept. of Corrections, 494 F.3d 997, 1002 (11th Cir. 2007).  In applying Strickland, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S. Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S. Ct. at 2065; *see also* Dingle v. Secretary for Dept. of Corrections, 480 F.3d 1092, 1099 (11th Cir. 2007).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance."  Yordan, 909 F.2d at 477 (citing Harich v. Dugger, 844 F.2d 1464, 1469 (11th Cir. 1988); Dingle, 480 F.3d at 1099; Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).  Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315 (en banc)).  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  Strickland, 466

U.S. at 694, 104 S. Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  Lockhart v. Fretwell, 506 U.S. 364, 369–70, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  Glover v. United States, 531 U.S. 198, 203–04, 121 S. Ct. 696, 700–01, 148 L. Ed. 2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test.  Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991); Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)); United States v. Ross, 147 Fed. Appx. 936, 939 (11th Cir. 2005).  And, counsel is not ineffective for failing to preserve or argue a meritless claim.  Freeman v. Attorney General, Florida, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also* Brownlee v. Haley, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); Chandler v. Moore, 240 F.3d 907 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); Meeks v. Moore, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); Jackson v. Herring, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not

ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992). With these stringent standards in mind, the court will now review Defendant's ineffective assistance of counsel claims.

**Ground One: Ineffective assistance of trial counsel**

Defendant claims that he was denied effective assistance of counsel at all critical stages of the case, in violation of the Fifth and Sixth Amendments. As supporting facts he states:

> Lack of pretrial factual and legal investigation of case; did not know that crack cocaine not a listed control substance; permitted fact witness to be paid and preform [sic] fraud on jury; insufficient evidence to conflict not argued; evidence insufficient on drug count and firearm counts and failed to argue valid sentencing matters.

(Doc. 154 at 3). No other supporting facts are presented.

Defendant's first contention is that counsel failed to conduct an adequate factual and legal investigation of his case. Although Defendant offers no explanation of his allegations in his amended § 2255 motion, in his reply memorandum, Defendant states that counsel failed to investigate the fact that crack cocaine is not a listed controlled substance under 21 U.S.C. § 841(a)(1), and he argues that because of this he should not have been indicted and sentenced on a non-controlled drug. He appears to assert that the district court did not have jurisdiction to sentence

him for offense conduct involving crack cocaine (doc. 167 at 3).  This argument is frivolous.  The district court's jurisdiction is controlled by 18 U.S.C. § 3231, which confers jurisdiction over "offenses against the laws of the United States." 18 U.S.C. § 3231.  Defendant was charged with a violation of 21 U.S.C. § 841, a law of the United States.  Title 21 U.S.C. § 841 criminalizes the possession of, among other substances, "cocaine base." *See* 21 U.S.C. § 841(b)(1)(A)(iii), and (B)(iii).  Defendant was specifically charged with violating 21 U.S.C. § 841(b)(1)(A)(iii) due to his participation in a conspiracy involving, and his own possession of, "cocaine base, commonly known as 'crack cocaine'" (doc. 40 at 1–2).   Therefore the court clearly had jurisdiction over this case.

Defendant's next contention is that counsel permitted a fact witness "to be paid" and to perform fraud on the jury.  From his reply memorandum it appears that Defendant takes issue with the payment of witness fees as a violation of 18 U.S.C. § 201(c)(3).  Title 18 U.S.C. § 201 addresses bribery of public officials and witnesses.  Subsection (d) specifically provides that the provision cited by Defendant "shall not be construed to prohibit the payment or receipt of witness fees provided by law."  18 U.S.C. § 201(d).  Counsel was therefore not ineffective for failing to make this objection.

Defendant next appears to argue that there was insufficient evidence to convict him on either the drug or firearm charges.  It is not clear if he means only the possession charge or also the conspiracy charge, but in either event, if what he intends to argue is that counsel should have filed a motion for judgment of acquittal and he was ineffective for not doing so, Defendant's argument again fails.

In order to convict a defendant of conspiracy to distribute controlled substance, the Government must prove beyond a reasonable doubt that: (1) a conspiracy existed; (2) Defendant knew of the conspiracy; and (3) Defendant knowingly and voluntarily joined the conspiracy. United States v. Chandler, 388 F.3d 796 (11th Cir. 2004) (citing  United States v. Hernandez, 896 F.2d 513, 518 (11th Cir.1990)).  The "existence of an agreement in a conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached an agreement . . . .  The more common method of proving an agreement is through circumstantial evidence." United States v. Glinton, 154 F.3d 1245, 1258 (11th Cir. 1998) (quotation omitted).  Mere association with a conspirator or presence at the scene of the crime is insufficient to establish participation in a conspiracy, however,

"presence is a material and probative factor which the jury may consider in reaching its decision." Hernandez, 896 F.2d at 518 (quotation omitted).  The Government does not have an extraordinary burden as even the uncorroborated testimony of an accomplice is sufficient to support a conviction if it is not on its face incredible or otherwise insubstantial.  United States v. Milkintas, 470 F.3d 1339, 1344 (11th Cir. 2006).  In order to support a guilty verdict, "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt."  United States v. Anderson, 289 F.3d 1321, 1326 (11th Cir. 2002) (brackets and quotation omitted).  Rather, "[t]he evidence is sufficient so long as a reasonable trier of fact, choosing among reasonable interpretations of the evidence, could find guilt beyond a reasonable doubt."  United States v. Pineiro, 389 F.3d 1359, 1367 (11th Cir. 2004).

In this case, Douglas L. Seamon testified that when he went to a motel room to purchase drugs for his girlfriend, he had seen a "tall skinny guy" who was previously unknown to him observing Smith cook the drugs.  Smith handed the "tall skinny guy" the crack, who in turn handed it to Seamon and took his money (doc. 98 at 36–37).  After this "uncontrolled purchase, Seamon made a controlled purchase under law enforcement direction, during which he observed the "tall skinny guy" sleeping on the bed.  Seamon was not able to identify Defendant at trial (*id.* at 38). However, Defendant had already been identified by law enforcement as the individual who was awake but groggy when the room was searched shortly after the controlled buy (*id.* at 15–16).  And, Seamon's testimony was further corroborated by co-conspirator Michael Allen Darden.  Darden testified that he had handled Bruce Smith's gun while Defendant sat alongside him in their vehicle, that Smith had given Darden and Defendant a half an ounce of crack cocaine apiece to sell, which they kept in separate containers, that Defendant had watched Smith cook crack cocaine in the hotel room, and that Defendant had handled some of the crack on a single occasion (*id.* at 103–04; 107–08; 109–110; 111–12).  Darden also testified that he grabbed the gun when the police banged on the door of the motel room, fearing that they were going to be robbed (*id.* at 114–15). Taken in the light most favorable to the Government, this evidence was sufficient to sustain a conviction. Thus, counsel was not constitutionally ineffective for failing to make a futile motion for judgment of acquittal.

Case No: 5:07cr48/RS; 5:09cv389/RS/EMT

Defendant's last argument with respect to trial counsel was that he failed to argue "valid sentencing matters." Counsel submitted a sentencing memorandum on his client's behalf and argued strenuously for a lesser sentence before the district court. He succeeded in gaining a 120-month downward departure from the advisory guidelines range despite the applicability of the career offender enhancement. Defendant does not suggest what additional arguments counsel should have made that would have made a difference in his sentence, and he has not established that trial counsel was in any way ineffective.

**Ground Two: Ineffective assistance of appellate counsel**

Defendant argues that appellate counsel was ineffective because he failed to challenge the sufficiency of the evidence, failed to argue that the government "paid" its fact witnesses and thus committed fraud on the jury, and failed to argue that crack cocaine is not a controlled substance. None of these claims has any merit, as discussed above, and appellate counsel was not constitutionally ineffective for his failure to raise them. Likewise, Defendant's claim that the consecutive firearm sentence was unconstitutional under the "except" clause of the statute, 18 U.S.C. § 924(c), has been rejected by the Eleventh Circuit. *See* United States v. Segarra, 582 F.3d 1269, 1272 (11th Cir. 2009), *cert. denied* 131 S.Ct. 633 (2010) (consecutive sentences for firearm and controlled substance convictions are proper). Defendant's suggestion in his reply that had counsel raised this argument his case would have gone before the Supreme Court is of no import, as the Supreme Court denied certiorari in Segarra. He has not shown that appellate counsel was constitutionally ineffective and he is not entitled to relief.

### Statement on Evidentiary Hearing

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See* Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dept. of Corrections, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be

entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); <u>Ferguson v. United States</u>, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1237 (11th Cir. 2004); <u>Tejada</u>, 941 F.2d at 1559; <u>Holmes v. United States</u>, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. <u>Lynn</u>, 365 F.3d at 1239.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. That the amended motion to vacate, set aside, or correct sentence (doc. 154) be **DENIED** and **DISMISSED**.

2. That a certificate of appealability be **DENIED.**

At Pensacola, Florida, this 3<u>rd</u> day of October 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**